IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

INTEGON PREFERRED INSURANCE CO.,

    Plaintiff,                                  No. CIV S-07-526 TMB KJM PS

    vs.

SUSANA ISZTOJKA,

    Defendant.                               FINDINGS AND RECOMMENDATIONS

                                         /

Plaintiff's motions for summary judgment against defendant and intervenors are pending before the court. Upon review of the documents in support and opposition,[1] and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, predicated upon diversity jurisdiction, plaintiff alleges defendant Isztojka made misrepresentations in her application for a commercial motor vehicle policy and seeks rescission on that basis. Intervenors seek recovery under the policy for injuries sustained

---

[1] Plaintiff raises various objections to defendant's and intervenors' evidence submitted in opposition to the motions for summary judgment, based on irrelevance, immateriality, hearsay, speculation, lack of personal knowledge, lack of expert qualifications, and argumentative and self-serving nature. The court has not considered the evidence to which plaintiff objects in making these findings and recommendations, save and except for the declaration of Susana Isztojka. As to the pertinent portions of the Istojka declaration cited herein, plaintiff's objections are overruled.

1

by intervenors' decedent, Scott Eisenbrandt, during a motor vehicle accident on May 26, 2007 involving defendant's truck. Plaintiff moves for summary judgment against both defendant and intervenors.

Because this action is brought under diversity jurisdiction, California substantive law governs the right of rescission. Under California law, an insurance company is entitled to rescind a contract for insurance when false material representations are made in the application. Cal. Ins. Code § 359. A false statement in the application does not bar the right to recover under the policy unless the false statement was made with the intent to deceive or unless it materially affected the acceptance of risk by the insurer. Cal. Ins. Code § 10380. Third parties are not bound by misrepresentations that would permit rescission if the insurance company breaches its duty to investigate the insured's insurability before issuing liability coverage. See Barrera v. State Farm Mutual Automobile Insurance Co., 71 Cal. 2d 659 (1969); see also United Services Automobile Association v. Pegos, 107 Cal. App. 4th 392 (2003).

It is undisputed that defendant Isztojka is the owner of a trash hauling business, California Gold Star Hauling. It is also undisputed that the initial insurance application, which defendant made through the Mangelli Insurance Agency on May 19, 2006, was for one of the two trucks operated by defendant and that Edwin Hanford was listed on the application as the driver of the truck. Defendant's son, Ian Isztojka, was not listed on the initial application as a driver but was the person operating the truck at the time of the accident.

Plaintiff moves for summary judgment on grounds that it is entitled to rescission because defendant made a material misrepresentation in applying for the commercial policy at issue by not listing defendant's son as a driver of the commercial truck and that her failure to list the son materially affected the risk. In the reply, plaintiff contends summary judgment should be granted as against defendant Isztojka because defendant did not file an opposition. Defendant, who is proceeding pro se, opposed the motion for summary judgment by incorporating

/////

intervenors' opposition. The court, therefore, cannot grant summary judgment against defendant on the basis of failure to file opposition.

It is undisputed that at the time of the initial application, defendant did not list her son as a driver. However, a few days after the initial application was made, on either May 22 or May 23, defendant returned to the Mangelli Insurance Agency. Mangelli Decl. ¶ 8; Istojka Decl. ¶ 7. Plaintiff contends the purpose of the return visit was solely for increasing the liability limits. Mangelli Decl. ¶ 8, 12. Defendant avers the purpose of the second visit was to add her son to the policy. Istojka Decl. ¶ 7. Defendant's testimony is that she observed Mr. Mangelli run a DMV check of her son's license at that time, and was informed that it would cost an increased premium to add her son to the policy. She authorized the increased premium, and she was informed by Mr. Mangelli that her son had been added to the policy as of the date of the second visit to the insurance office. Istojka Decl. ¶¶ 7, 8. Defendant further avers she received an increased premium billing a few days later. Istojka Decl. ¶ 9. Regardless of whether the son was ever added to the policy as a listed driver, the cited evidence is sufficient to raise a triable issue as to whether defendant made a material misrepresentation regarding the proposed drivers for the covered commercial vehicle. Plaintiff's motions against both defendant and intervenors rest on plaintiff's contention that the insurance company was never informed that defendant's son would be driving the vehicle. Because there is a triable issue of fact on this issue, the motion for summary judgment should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motions for summary judgment against defendant and intervenors be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the

1  objections shall be served and filed within ten days after service of the objections.  The parties
2  are advised that failure to file objections within the specified time may waive the right to appeal
3  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED:  October 3, 2008.

_____
U.S. MAGISTRATE JUDGE

006
integon.57