IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE CO.,<br><br>  Plaintiff,<br><br>vs.<br><br>SUSANA ISZTOJKA, d/b/a California Gold Star Hauling,<br><br>  Defendant.<br><br>FRANCESCA EISENBRANDT; CONNIE EISENBRANDT; and SCOTT EISENBRANDT,<br><br>  Intervenors. | No. 2:07-cv-00526-TMB<br><br>ORDER<br>[Re:  Motion at Docket No. 79] |

At Docket No. 79 Intervenors Francesca Eisenbrandt, Connie Eisenbrandt, and Scott Eisenbrandt have moved to modify the Pretrial Order entered herein on November 9, 2007,[1] as amended on July 30, 2010.[2]  Plaintiff has opposed the motion, and Intervenors have replied.  In their motion, Intervenors request that they be permitted to take the depositions of Integon Regional Manager Greg Moody and the Integon person most qualified on the issue of the relationship between Integon and Jeffrey Mangelli.  Under the terms of the November 9, 2007, Pretrial Order all discovery closed in this case on February 27, 2008.  Thus, it has been more than two and a half years since discovery in this case closed.

---

[1] Docket No. 19.

[2] Docket No. 77.

The court has determined that oral argument would not materially assist the court in deciding the motion. The matter is, therefore, submitted on the briefs and the hearing on oral argument scheduled for October 29, 2010, will be vacated.[3]

This court has discretion to modify its pretrial scheduling order for cause.[4] "Good cause" for amendment of a scheduling order primarily concerns the diligence of the party seeking the extension.[5] In this district, motions for relief to conduct further discovery after the discovery closing date will ordinarily be denied unless the moving party makes a strong showing.[6] In this case, Intervenors' have failed to show that the requested additional discovery is necessary to the successful defense of the lawsuit. In their motion and reply Intervenors make essentially two arguments, both of which lack merit.

First, Intervenors' argue they need to develop the "understanding" of the extent of the authority granted Mr. Mangelli by Integon. Intervenors, argue that the extent of Mr. Mangelli's authority may be established under the theory of "ostensible authority." Under California law, "ostensible authority arises out of conduct of the principal which causes the third party reasonably to believe that the agent possesses authority to act on the principal's behalf."[7] On the other hand "[a]ctual authority arises as a consequence of conduct of the principal which reasonably causes *an agent* to believe that the principal consents to the agent's execution of an act on behalf of the principal."[8] In this case, there is no allegation of, let alone evidence to support, a theory of ostensible authority, i.e., there is nothing to show that the conduct of Integon

---

[3] *See* Local Rule 230(g).

[4] Fed. R. Civ. P. 16(d) (a scheduling "order controls the course of action unless the court modifies it."); *see Noyes v. Kelly Services*., 488 F.3d 1163, 1174 (9th Cir. 2007).

[5] *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing the Advisory Committee's notes (1983 amendment)).

[6] *See* Local Rule 281(b)(13).

[7] *Tomerlin v. Candian Indem. Co.*, 394 P.2d 571, 574 (Cal. 1964) (emphasis added); Cal. Civ. Code § 2300.

[8] *Tomerlin*, 394 P.2d at 574 (emphasis added); Cal. Civ. Code § 2316.

reasonably led Ms. Isztojka to believe that Mr. Mangelli had the authority to bind Integon. Mr. Mangelli, with the consent of Integon, has been deposed and testified as to his understanding of his actual authority under the agreement between himself and Integon. What Intervenors have failed to show is how the testimony of Mr. Moody, or the person at Integon most qualified on the issue of the relationship between Mr. Mangelli and Integon, is relevant to the issue of actual authority.

Intervenors' alternative argument, that development of the basis for the allegations in Integon's Complaint that Mr. Mangelli was the "agent" of Integon is necessary, is likewise without merit. The *unverified Complaint* in this case was drafted and signed by an attorney. There is nothing in the record to indicate that Mr. Moody was the person who provided the information that formed the basis for the complaint. Indeed, that person is unidentified and may or may not be the person at Integon most qualified on the issue of the relationship between Mr. Mangelli and Integon. The person most likely to have the information concerning how that allegation came to be in the Complaint is Paul D. Loreto, the attorney who signed and, presumably, drafted the Complaint. Intervenors have not requested to take his deposition.[9]

Intervenors having failed to show good cause for reopening discovery,

**IT IS THEREFORE ORDERED THAT** the Motion to Modify Pre-Trial Order Dated November 9, 2007 and to Compel Depositions and Production of Documents at Docket 79 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the hearing on oral argument scheduled for October 29, 2010, is hereby **VACATED**.

Dated: October 18, 2010

             s/ Timothy M. Burgess
             TIMOTHY M. BURGESS
             United States District Judge

---

[9] The court ventures no opinion as to the extent that the testimony of Mr. Loreto, if proffered by either party, may be admissible or precluded by either the attorney-client privilege or the California Rules of Professional Conduct. Likewise, should Intervenors attempt to introduce expert testimony on the proper interpretation of the agreement between Mr. Mangelli and Integon at trial, the court ventures no opinion as to the admissibility of that testimony. Neither issue is properly before the court at this time.