IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE CO.,<br><br>          Plaintiff,<br><br>vs.<br><br>SUSANA ISZTOJKA, d/b/a California Gold Star Hauling,<br><br>          Defendant.<br><br>FRANCESCA EISENBRANDT; CONNIE EISENBRANDT; and SCOTT EISENBRANDT,<br><br>          Intervenors. | No. 2:07-cv-00526-TMB<br><br>**ORDER GRANTING THE MOTION AT DOCKET NO. 72**<br>**and**<br>**SETTING TRIAL DATE**<br>**and**<br>**AMENDING PRETRIAL ORDER** |

At Docket No. 72 Plaintiff Integon Preferred Insurance Co. ("Integon") filed a Motion for Leave to file Its Amended Complaint to Enforce Rescission or to Cap Third-Party Relief.  Intervenors Fancesca Eisenbrandt, Connie Eisenbrandt, and Scott Eisenbrandt (collectively "Intervenors") have opposed the motion and Integon has replied.  The court has determined that oral argument would not materially assist the court in deciding the motion.  The motion is, therefore, submitted on the briefs.

The history of the proceedings in this case is well known to the parties and is a matter of record herein.  Accordingly, in the interest of brevity, the court will not repeat that history.

Upon review of the moving and opposing papers and the record in this case, the court has determined that the Motion for Leave to file Its Amended Complaint to Enforce Rescission or to Cap Third-Party Relief should be granted in the interests of justice and judicial economy.  The court has further determined that granting

the motion to amend the complaint necessitates allowing Intervenors additional discovery.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to File Its Amended Complaint to Enforce Rescission or to Cap Third-Party Relief at Docket No. 72 is **GRANTED.**

**IT IS FURTHER ORDERED THAT** the [Proposed] Amended Complaint to Enforce Rescission or to Cap Third-Party Relief filed herein at Docket No. 73 is hereby deemed filed this date as the Amended Complaint.

**IT IS FURTHER ORDERED THAT** the Amended Complaint to Enforce Rescission or to Cap Third-Party Relief is deemed to include as an allegation therein the allegation contained in paragraph 5 of the Complaint for Rescission of Insurance Policy with the same force and effect as originally pleaded.

**IT IS FURTHER ORDERED THAT** all material allegations in the Amended Complaint to Enforce Rescission or to Cap Third-Party Relief are deemed denied.

**IT IS FURTHER ORDERED THAT**, within **fourteen (14) days** of the date of entry of this Order, Plaintiff Integon Preferred Insurance Co. must:

1. comply with the requirements of Federal Rule of Civil Procedure 26 to the extent that disclosure has not been previously made; and

2. identify any person Integon intends to call as a witness at trial to testify to the additional facts raised in the Amended Complaint to Enforce Rescission or to Cap Third-Party Relief.

**IT IS FURTHER ORDERED THAT**, if requested by Intervenors:

1. Plaintiff must make available for deposition at the office of counsel for Intervenors, or such other place as counsel for Intervenors may reasonably designate, any officer, employee, or agent of Integon Preferred Insurance Co. identified in the immediately preceding paragraph;

   2.   Intervenors may take one additional deposition of Jeffrey Mangelli;

   3.   the expenses of such deposition or depositions are to be borne by Plaintiff;

   4.   except as may be otherwise agreed to by the parties, each additional deposition authorized in this paragraph may not exceed **two (2) hours**; and

   5.   all depositions are to be completed on or before **January 14, 2011**.

   **IT IS FURTHER ORDERED THAT** Plaintiff Integon Preferred Insurance Co. is deemed to have waived any limitation period that Integon may otherwise be entitled to raise as a defense to its liability to pay Intervenors' claim under the insurance policy at issue in this case.

   **IT IS FURTHER ORDERED THAT**, to the extent the exhibits to be adduced at trial consist of the business records of Plaintiff Integon Preferred Insurance Co. or the official records of the State of California, or any other governmental entity, those documents are to be identified by the party offering the documents as exhibits not later than **forty-five (45) days** before the date set for the final pretrial conference, and their authenticity verified by the other party not later than **thirty (30) days** before the date set for the final pretrial conference.  It is the intent of this Order to obviate the necessity for laying the foundation for admission, other than relevance of such exhibits.  Objections to relevance are reserved and may be made at the time the exhibit is offered into evidence.  All other objections to admission will be deemed waived.

   **IT IS FURTHER ORDERED THAT**, subject to availability of a courtroom:

   1.   the final pretrial conference will be held at 1:30 p.m. PDT, Tuesday, **February 22, 2011**; and

      2.  the trial before a jury of eight (8) will commence at 8:30 a.m., Wednesday, **February 23, 2011**.

      **IT IS FURTHER ORDERED THAT**, in all other respects, the Order entered at Docket No. 19, as amended by the Minute Order entered at Docket No. 77, remains in full force and effect.

      Dated:  November 24, 2010

                                      <u>    s/ Timothy M. Burgess    </u>
                                                TIMOTHY M. BURGESS
                                      United States District Judge