IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE CO.,<br><br>            Plaintiff,<br><br>      vs.<br><br>SUSANA ISZTOJKA, d/b/a California Gold Star Hauling,<br><br>            Defendant.<br><br>FRANCESCA EISENBRANDT; CONNIE EISENBRANDT; and SCOTT EISENBRANDT,<br><br>            Intervenors. | No. 2:07-cv-00526-TMB<br><br>ORDER<br>[Re: Applicability of California Financial Responsibility Law] |

At Docket No. 98 Plaintiff Integon Preferred Insurance Co. ("Integon"), relying on *Barrera v. State Farm. Ins. Co.*,[1] has requested that the court first determine whether California Vehicle Code § 16430 applies to this case. At Docket No. 99 the court ordered Intervenors Francesca Eisenbrandt, Connie Eisenbrandt, and Scott Eisenbrandt to serve and file a Memorandum of Law addressing the issue of the applicability of California Vehicle Code § 16340 to this case. At Docket No. 105 Intervenors complied with the Order. In addition, Intervenors addressed the question in their Trial Brief.[2] The court has determined that oral argument would not materially assist the court in deciding the issue of the applicability of California Vehicle Code § 16430 to this case. Accordingly the matter is submitted for decision.

---

[1] 456 P.2d 674 (Cal. 1969).

[2] Docket No. 94.

## I. BACKGROUND

Integon issued a motor vehicle insurance policy to Susana Isztojka d/b/a California Gold Star hauling ("Isztojka) through an insurance broker, Jeffrey Mangelli ("Mangelli"). Shortly thereafter, a vehicle owned by Isztojka was involved in an accident in which Scott Eisenbrandt, Jr. ("decedent") was killed. Interveners, as the successors to the decedent, brought an action in the California Superior Court against Isztojka. Integon initiated this action to rescind the policy. Intervenors were granted permission to, and did, intervene. This court granted summary judgment in favor of Integon against both Isztojka and the Intervenors, rescinding the insurance policy. The Intervenors appealed that judgment and the Ninth Circuit Court of Appeals, holding that whether the insurance broker was the agent of Integon presented a triable issue of fact, reversed and remanded the matter to this court.

Subsequently, Intervenors Francesa Eisenbrandt, the wife of the decedent, Connie Eisenbrandt, and Scott Eisenbrandt obtained a judgment against Isztojka in excess of $1,000,000 in the California State courts. Collection of that judgment from Integon is at the heart of this case.

## II. STANDARD

When interpreting state law, this Court is bound by the decisions of the state's highest court.[3] In the absence of a controlling decision by the highest state court, this Court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance."[4]

---

[3] *See Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law"); *West v. AT&T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . .").

[4] *S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001); *Paulman v. Gateway Ventures Partners III L.P.* (*In re Filtercorp, Inc.*), 163 F.3d 570, 578 (9th Cir. 1998).

ORDER
[Re: Applicability of Calif. Financial Responsibility Law]     2

## III.  DISCUSSION

As applicable to this case, California law is clear.  First, an insurer has a duty to investigate the insurability of the insured within a reasonable time after it accepts the application for insurance and issues the policy.[5]  If a motor vehicle insurer fails to investigate the insurability of the insured within a reasonable time after it accepts the application and issues the policy, the insurer may cancel, but not rescind a policy.[6]  The policy necessarily remains in effect through date of the accident.[7]  Consequently, under California law, if the insurer does not conduct a reasonable investigation into insurability within a reasonable time:

> After the injured person has obtained a judgment against the insured, therefore, he may compel the insurer to pay the judgment to the extent of the monetary limits set forth in the Financial Responsibility Law. (Veh. Code, s 16430.)[8]

Integon contends that under *Barrera*, its liability to the Intervenors is limited to the amount specified in Vehicle Code § 16430, which requires a person to provide "proof of financial responsibility resulting from the ownership or operation of a motor vehicle and arising by reason of personal injury to, or death of, any one person, of at least fifteen thousand dollars ($15,000)."  Intervenors contend that, to the extent that Integon's liability is limited or capped, California Vehicle Code § 16500.5, applicable to commercial vehicles, or § 36431, applicable to commercial vehicles having three or more axles applies, not § 16430, applicable to non-commercial vehicles.   This court agrees with Integon that if Integon lost its ability to rescind, as opposed to its ability to cancel the policy, under *Barrera*, Integon's liability to the Intervenors is limited to the amount specified under California's Financial Responsibility Law.  For the reasons that follow, however, the court agrees with the Intervenors that, in this case, the amount of the limitation, or cap, on that liability is *not* the amount specified in § 16430.

---

[5] *Barrera*, 456 P.2d at 680–82, 684–85.

[6] *Id.* at 687–89.

[7] *Id.*

[8] *Id.*

The Intervenors correctly point out that *Barrera*, on its facts as to the vehicle involved differs materially from the vehicle involved in this case—in this case a commercial vehicle as opposed to a non-commercial vehicle in *Barrera*. This court is unquestionably bound by *Barrera* to the extent that *Barrera* held that, where the insurer does not investigate insurability within a reasonable time, the insurer's liability is capped at the amount specified in California's Financial Liability law. This court is not, however, necessarily bound by the California Supreme Court's determination that § 16430, the California Financial Responsibility Law that applied in that case, also applies in this case. It does not appear that which provision of the California Financial Responsibility Law applied was a contested issue in *Barrera*, and under the facts of that case, § 16430 clearly applied. Because *Barrera* does not address the precise issue presented to this court, it must predict how the California Supreme Court would decide the issue if it were presented.

Neither party has cited a California appellate decision that directly addresses which of the various California Financial Responsibility Laws applies to this case, nor has independent research by the court discovered any such case. The California Appellate Courts have, however, noted that the California Legislature has distinguished between, and imposed different financial responsibility requirements upon, commercial and noncommercial vehicles.[9] A careful reading of *Barrera*, as well as the California Vehicle Code's specific, separate provisions applicable to commercial vehicles,[10] leads to the conclusion that, if presented with the issue, the California Supreme Court would apply the Financial Responsibility Law applicable to the insured. The decision in the *Barrera*, was founded on two principles: (1) the public policy underlying the Financial

---

[9] *See, e.g., Empire Fire & Marine Ins. Co. v. Bell*, 64 Cal.Rptr.2d 749, 752 (Cal. App. 1997).

[10] *See* Cal. Veh. Code § 16500.5 "Proof of financial responsibility; vehicle used to carry passengers for hire, except taxicabs; vehicles over 7000 pounds; exceptions; coverage of policy based on incorrect information" (amount is set by the Director, California Department of Motor Vehicles); § 34631.5 "Motor Carriers of Property Permit Act" (amount set at $750,000); § 16020(a) (requiring that proof of financial responsibility be carried in the vehicle "in the form of financial responsibility in effect for the vehicle").

Responsibility Law is to make the owners of motor vehicles financially responsible for those injured through the operation of the motor vehicle;[11] and (2) the public policy expressed in the Financial Responsibility Law must be construed in light of the purpose to protect those who may be injured, i.e., provide compensation.[12] In this case, the Financial Responsibility Law imposed a requirement on Isztojka, as a commercial operator, to carry motor vehicle liability insurance in a much greater amount than the owner of the private vehicle involved in *Barrera*. Applying the principles underlying *Barrera* and the clear intent of the California Legislature, this court is of the opinion that, if presented with the question, the California Supreme Court would apply the higher commercial limit.

## IV.  CONCLUSION and ORDER

The liability of Integon Preferred Insurance Co. is not in any event governed by California Vehicle Code § 16430. Because it is unnecessary at this point for this court to determine precisely which California Financial Responsibility Law applicable to commercial vehicles applies, this court declines to make that determination. Should it become necessary for the court to determine which California Financial Responsibility Law applies, the court may order additional briefing.

**IT IS SO ORDERED**.

Dated:  February 16, 2011

s/ Timothy M. Burgess<br>
TIMOTHY M. BURGESS<br>
United States District Judge

---

[11] *See Barrera*, 456 P.2d at 682–83.

[12] *Id.* at 683–84.