IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE CO.,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>SUSANA ISZTOJKA, d/b/a California Gold Star Hauling,<br><br>　　　　　　Defendant. | No. 2:07-cv-00526-TMB<br><br>FINAL JURY INSTRUCTIONS |
| FRANCESCA EISENBRANDT; CONNIE EISENBRANDT; and SCOTT EISENBRANDT,<br><br>　　　　　　Intervenors. | |

JURY INSTRUCTION NO. 1

　　Ladies and gentlemen of the jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law.

　　You have all received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

　　You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

　　It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

　　In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

JURY INSTRUCTION NO. 2

During the course of the trial you have heard references to both GMAC and Integon.  For the purposes of your deliberations, GMAC and Integon are the same party.

JURY INSTRUCTION NO. 3

The Eisenbrandts claim that Jeffrey Mangelli was Integon's agent and that Integon is therefore bound by the information provided to Mr. Mangelli by Ms. Isztojka. Integon contends that, as an insurance broker, Mr. Mangelli is solely the agent of the insured, in this case, Ms. Isztojka,

Ordinarily, an insurance broker is the agent of the insured and not the insurance company. In some circumstances, an individual can be the agent of both the insured and the insurance company.

If the Eisenbrandts prove that Integon gave Mr. Mangelli the authority to act on behalf of Integon, then Jeffrey Mangelli was Integon's agent to the extent that Integon gave Mr. Mangelli that authority.

This authority may be shown by words or may be implied by the parties' conduct. That is, Mr. Mangelli had the authority to act on behalf of Integon to the extent the words or conduct of Integon caused Mr. Mangelli to reasonably believe that he had the authority to act on behalf of Integon. This authority cannot be shown by the words of Mr. Mangelli alone.

## JURY INSTRUCTION NO. 4

Under California law, in the absence of evidence to the contrary, an insurance broker is presumed to be the agent of the insured, not the insurer.

JURY INSTRUCTION NO. 5

In the original complaint filed in this case, Integon affirmatively alleged that Mr. Mangelli was the agent of Integon. This allegation is not conclusive of, but is evidence that Mr. Mangelli was, in fact, acting as the agent of Integon in the transaction between Ms. Isztojka and Integon. This allegation is to be given the same weight and effect, neither greater or lesser, as any other evidence, and is to be considered in light of all other evidence tending to prove, or disprove, that Mr. Mangelli was the agent of Integon.

JURY INSTRUCTION NO. 6

The court has decided to accept as true the following:

1. At all times between February 27, 1998, and January 31, 2008, Jeffrey Mangelli was licensed as a Fire and Casualty broker-agent.

2. That Mr. Mangelli had not been appointed as Integon's agent at any time.

This means that Mr. Mangelli was not listed by the State of California Department of Insurance as an agent of Integon. This does not preclude the finding that Mr. Mangelli was an agent of Integon with the authority to act for Integon.

You must accept these facts as true. However, these facts are not conclusive of, but are evidence that Mr. Mangelli was, in fact, not acting as the agent of Integon in the transaction between Ms. Isztojka and Integon. These facts are to be given the same weight and effect, neither greater or lesser, as any other evidence, and is to be considered in light of all other evidence tending to prove, or disprove, that Mr. Mangelli was the agent of Integon.

## JURY INSTRUCTION NO. 7

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept or reject it, and give it such weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all other evidence in the case.

JURY INSTRUCTION NO. 8

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Sophia Naupari was taken on January 30, 2008, and the deposition of Sharon Dowell was taken on October 17, 2007. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

JURY INSTRUCTION NO. 9

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

JURY INSTRUCTION NO. 10

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness; and
2. the exhibits that are received into evidence.

JURY INSTRUCTION NO. 11

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTION NO. 12

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. 13

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question was answered or the exhibit received.  If I sustained the objection, the question could not be answered or the exhibit was not received.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

JURY INSTRUCTION NO. 14

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

JURY INSTRUCTION NO. 15

You may have taken notes to help you remember the evidence.

Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

JURY INSTRUCTION NO. 16

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

JURY INSTRUCTION NO. 17

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

JURY INSTRUCTION NO. 18

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

JURY INSTRUCTION NO. 19

A verdict form has been prepared for you.

In the verdict form you have been asked to answer two questions regarding factual matters that are in dispute.  From the answers you provide, I must determine the prevailing party as the law may require.  You are not to concern yourselves with how your answer may affect the result.  You are to solely determine the answers to the questions that are submitted to you, answering them either "yes" or "no."

After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Dated:  February 24, 2011

              s/ Timothy M. Burgess
              TIMOTHY M. BURGESS
              United States District Judge