IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE CO.,<br><br>              Plaintiff,<br><br>      vs.<br><br>SUSANA ISZTOJKA, d/b/a California Gold Star Hauling,<br><br>              Defendant. | No. 2:07-cv-00526-TMB<br><br>ORDER<br>[Re: Motion at Docket No. 162] |
| FRANCESCA EISENBRANDT; CONNIE EISENBRANDT; and SCOTT EISENBRANDT,<br><br>              Intervenors. | |

      At Docket No. 162 Plaintiff Integon Preferred Insurance Co. ("Integon") timely filed a motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e). In its motion, Integon raises two issues: (1) that the Court incorrectly awarded prejudgment interest under California law; and (2) that court erred in not applying the financial responsibility liability cap of California law under the decision of the California Supreme Court in *Barrera v. State Farm Ins. Co.*[1] The Court has determined that it may deny the motion without a response from the Intervenors.

      There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the

---

[1] 456 P.2d 674 (Cal. 1996).


moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law.[2] A Rule 59 motion may not be used to relitigate old matters, or to raise arguments that could have been raised, or present evidence that could have been presented, prior to the entry of judgment.[3] To justify an amendment to a judgment based upon newly discovered evidence, the movant must show that the evidence: was discovered after the judgment, could not be discovered earlier through due diligence, and is of such a magnitude that had the court known of it earlier, the outcome would likely have been different.[4]

In its motion, Integon does not present any newly discovered or previously unavailable evidence nor does Integon cite any intervening change in the controlling law. Indeed, except perhaps for the issue of prejudgment interest, Integon's motion is nothing more than a rehash of the arguments that it either raised or could have raised prior to the entry of the judgment.

Prejudgment Interest.

The Court agrees that *post-judgment* interest in this case is controlled by federal, not state, law.[5] This Court, however, properly awarded *pre-judgment* interest, i.e., interest prior to the entry of judgment in this case, under California law.[6] It did not specify at what rate *post-*

---

[2] *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003); *see Circuit City Stores v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005); *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999); *see generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2810.1 (2d ed.).

[3] *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citing and quoting 11 C. Wright & A. Miller, Fed. Prac. & Proc., § 2810.1, pp. 127–28 (2d ed. 1995)).

[4] *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

[5] 28 U.S.C. § 1961.

[6] *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007).

*judgment* interest, i.e., interest after entry of judgment in this case, would accrue as that rate is set by statute.[7/] That rate cannot be determined until such time as judgment is entered and is a clerical function performed by the Clerk of the Court. Thus, there was no manifest error of law or fact in the decision and judgment of this Court.

<u>Financial Responsibility Cap</u>

In its post-trial briefing in response to this Court's Order, Integon specifically took the position that the financial responsibility cap under *Barrera* was moot.[8/]

> Thus, even though Ms. Isztojka and Mr. Mangelli disagreed in their testimony over what he told her that Ian Isztojka's driving record meant,[4] the investigation took place – and the *Barrera* question becomes moot.[5]
> ―――――――――――――――
> [4] She said that he told her that covering Ian Isztojka nnder her policy would cost her a higher premium, and he said that he told her Ian Isztojka's driving record would disqualify him from coverage under it. (Transcript in progress.)
> [5] *Accord,* pp. 10-11, Final Pretrial Order [Tentative], Docket No. 117, incorporated in the Final Pretrial Order, Docket No. 125: "[I]f [Jeffrey] Mangelli was Integon's agent for the purpose of investigating the insurability of Ian [Isztojka], *then the investigation took place* and the question becomes moot." *Ibid.;* emphasis added.

The Court and Intervenors agreed.

In its post-verdict briefing Integon argued that, the inapplicability of *Barrera* not withstanding, the financial responsibility cap of California law nonetheless applied. This Court found that argument unpersuasive.

Integon now argues that, under the mandate of the Ninth Circuit, the financial responsibility cap in *Barrera* applies as a matter of law. The Court does not read the mandate

―――――――――――――――

[7/] Integon's position is internally inconsistent and contradictory. In one place, Integon requests that the judgment be amended to provide for *post-judgment* interest at the rate of 10% from January 11, 2011 (Docket No. 162, p. 3). Yet, on the next page Integon requests that the same paragraph be amended to provide for *post-judgment* interest at the rate specified in 28 U.S.C. § 1961 from January 11, 2011 (Docket No. 162, p. 4).

[8/] Docket No. 142, p.4.

from the Ninth Circuit to so hold.  The Ninth Circuit's holding was that the *Barrera* defense applied, "and it will be up to the trier of fact to determine whether Integon made 'a reasonable investigation within a reasonable time after the issuance of the policy' as to Ian's insurability"[9/] It is undisputed that Jeffrey Mangelli made a reasonable investigation of the driving record of Ian Isztojka *prior to* advising Susana Isztojka that Ian was covered by the policy.  The jury found that Mangelli was authorized to so advise or inform Susana.  Because it was undisputed that Mangelli made the investigation *before* so advising Susana, it was unnecessary for this Court to submit the question of whether Integon "made a reasonable investigation within a reasonable time after the issuance of the policy" to the advisory jury and reserved the question for determination by the court.[10/]

There is no basis upon which this Court may alter or amend its judgment.  Accordingly,

**IT IS THEREFORE ORDERED THAT** the Motion to Alter or Amend the Judgment at Docket no. 162 is **DENIED**.

Dated:  June 3, 2011

                                           s/ Timothy M. Burgess
                                           TIMOTHY M. BURGESS
                                           United States District Judge

---

[9/] *Integon Preferred Ins. Co. v. Eisenbrandt*, 368 Fed. Appx. 766, 767 (9th Cir. 2010).

[10/] Moreover, Integon did not request that the question be submitted the advisory jury. Integon has waived any objection that the question was not submitted to the jury and was decided by the Court.  Fed. R. Civ. P. 51(c); *see Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 891 (9th Cir. 1991).