IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON PREFERRED INSURANCE CO.,<br><br>          Plaintiff,<br><br>vs.<br><br>SUSANA ISZTOJKA, d/b/a California Gold Star Hauling,<br><br>          Defendant.<br><br>FRANCESCA EISENBRANDT; CONNIE EISENBRANDT; and SCOTT EISENBRANDT,<br><br>          Intervenors. | No. 2:07-cv-00526-TMB<br><br>ORDER<br>[Re: Motion at Docket No. 159] |

      At Docket No. 159 Plaintiff Integon Preferred Insurance Co. ("Integon") filed a Motion for Approval of Its Supersedeas Bond. Intervenor's Francesca Eisenbrandt, Connie Eisenbrandt, and Scott Eisenbrandt have opposed the motion, and Integon has replied. At Docket No. 185 Integon has moved for a ruling on its motion at Docket No. 159. Intervenor's have opposed that request, and Integon has replied. This matter having been fully briefed, the Court finds that oral argument would not be helpful in deciding the motion. The motion is submitted on the moving and opposing papers.

      In their latest opposition, Intervenor's contend that, because an appeal has been filed, this Court lacks jurisdiction to approve the bond. Intervenor's are incorrect. The filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case that are the subject of

the appeal.[1] A district court, however, retains jurisdiction over ancillary matters.[2] Among those ancillary matters over which a district court retains jurisdiction is a motion for a stay pending the appeal, including the approval of a supersedeas bond.[3]

Under the Federal Rules of Civil Procedure, a stay of the enforcement of a judgment is automatic upon the filing of a supersedeas bond approved by the court.[4] The amount of the bond required is within the broad discretion of the district court.[5] In this case, the full amount of the judgment, including prejudgment interest and costs, is approximately $1,040,000. Accordingly, the Court finds that a supersedeas bond in the amount of $1,100,000 is adequate. The Court notes, however, that the bond attached to the motion reflects it undertakes payment that "Plaintiff will pay to Defendant." That provision is incorrect and must be amended to read "Plaintiff will pay to the Intervenors."

**IT IS THEREFORE ORDERED THAT** the Motion for Approval of Its Supersedeas Bond at Docket no. 159 is **GRANTED**, and the Supersedeas Bond appended to the motion, amended as provided herein above, is **APPROVED**.

Dated: August 1, 2011

                         s/ Timothy M. Burgess
                         TIMOTHY M. BURGESS
                         United States District Judge

---

[1] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

[2] *See United Energy Owners v. United Energy Mgmt,* 837 F.2d 356, 358 (9th Cir.1988)

[3] *See* Fed. R. App. P. 4(a)(1)(B).

[4] Fed. R. Civ. P. 62(d).

[5] *See Pacific Reinsurance Mgmnt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1027 (9th Cir. 1991).